UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD A. CASTRO, JR., <br><br> Plaintiff, <br><br> v. <br><br> TALCOTT RESOLUTION LIFE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C24-5472JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is Plaintiff Edward A. Castro, Jr.'s cross-motion for leave to amend his complaint to add his mother, Stelitsa Ktistakis, as a defendant. (Mot. (Dkt. # 18); *see* Prop. Am. Compl. (Dkt. # 22-1 (redlined).) Defendant Talcott Resolution Life Insurance Company ("Talcott") opposes the motion. (Resp. (Dkt. # 23).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Castro's motion for leave to amend.

ORDER - 1

## II.     BACKGROUND

In January 1998, when he was three years old, Mr. Castro was awarded a settlement for the loss of his father. (Compl. (Dkt. ## 1-2 (sealed), 11-2 (redacted)) ¶ 2.1.) The settlement was converted into an annuity contract administered by Talcott. (*Id.* ¶ 2.2.) The annuity contract designated Ms. Ktistakis as guardian for Mr. Castro and payee until June 2013. (*Id.* ¶¶ 2.3, 2.8.) The contract further provided that all payments issued after June 2013 were to be paid directly to Mr. Castro. (*Id.*) Mr. Castro reached the age of 18 in December 2012, and Ms. Ktisakis's guardianship was terminated in April 2013. (*Id.* ¶¶ 2.4-2.5) Talcott, however, continued to make payments under the annuity contract to Ms. Ktisakis, rather than to Mr. Castro after June 2013. (*Id.* ¶ 2.6.)

Mr. Castro did not learn about the annuity contract or the payments until October 2019. (*Id.* ¶ 2.7.) Upon learning about his entitlement to payments, he contacted Talcott and demanded that the payments be made directly to him rather than to his mother. (*Id.*) Mr. Castro asserts that between June 2013 and December 2019, Talcott paid Ms. Ktistakis approximately $386,000 in annuity payments that it should have paid directly to Mr. Castro under the terms of the annuity contract. (*Id.* ¶ 2.8.) He has not been able to recover any of these funds from his mother. (*Id.* ¶ 2.9.)

Mr. Castro filed this action for breach of contract against Talcott in Cowlitz County Superior Court on May 15, 2024. (Compl. at 1.) Talcott removed the action to this court on June 13, 2024, on the basis of diversity subject matter jurisdiction. (Not. of Removal (Dkt. # 1).) On August 20, 2024, the court entered a scheduling order in which it set the deadline for joinder of parties on October 23, 2024; the deadline to file amended

1  pleadings on February 19, 2025; the discovery deadline on April 21, 2025; the dispositive

2  motions deadline on May 20, 2025; and the trial date on September 2, 2025.  (*See* Sched.

3  Order (Dkt. # 13).)

4       Mr. Castro moved his family from Washington to Alaska in fall 2024.  (*See* 5/5/25

5  DeVet Decl. (Dkt. # 24) ¶ 3.)  On March 13, 2025, after multiple attempts to serve Ms.

6  Ktistakis with a deposition subpoena were unsuccessful, counsel for Mr. Castro and

7  Talcott discussed Mr. Castro's proposal to amend his complaint to add Ms. Ktistakis as a

8  defendant.  (Setkis Decl. (Dkt. # 15) ¶ 4; *see* Long Decl. (Dkt. # 19) ¶ 5.)  Talcott's

9  attorney advised Mr. Castro's attorney that he would need to see the proposed amended

10  complaint before he would stipulate to an amendment.  (Long Decl. ¶ 5.)  Talcott

11  objected to Mr. Castro's proposed amended complaint because the addition of Ms.

12  Ktisakis, a Washington resident, would destroy diversity jurisdiction absent express

13  allegations that Mr. Talcott was domiciled in Alaska.  (5/5/25 DeVet Decl. ¶¶ 5-6.)

14       On April 21, 2025, Talcott moved for a limited extension of the discovery

15  deadline to allow it to conduct the depositions of Mr. Castro and Ms. Ktisakis.  (Talcott

16  Mot. (Dkt. # 14).)  Although Mr. Castro did not object to the extension, he cross-moved

17  for leave to amend his complaint to add Ms. Ktisakis as a defendant.  (*See generally*

18  Mot.)  On April 30, 2025, the court granted Talcott's motion; allowed Talcott to conduct

19  the depositions by no later than the May 20, 2025 dispositive motions deadline; and

20  ordered expedited briefing on Mr. Castro's motion for leave to amend.  (4/30/25 Order

21  (Dkt. # 21).)  Talcott filed a timely response to Mr. Castro's motion on May 5, 2025.

22  (Resp.)  Mr. Castro did not file a reply in support of its motion.  (*See generally* Dkt.; *see*

ORDER - 3

*also* 4/30/25 Order at 2 (setting the reply deadline on May 8, 2025).)  Mr. Castro's motion for leave to amend is now ripe for decision.

### III.    ANALYSIS

Under Federal Rule of Civil Procedure Rule 15, a party may amend its pleading "with the opposing party's written consent or the court's leave[,]" and the "court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). After the deadline for amending a pleading has passed, however, a party's motion to amend is governed by Federal Rule of Civil Procedure 16, which requires the party to show "good cause" justifying a modification to the case schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Good cause" under Rule 16 focuses on the diligence of the party seeking to modify the case schedule, and exists when the deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  If the party "was not diligent, the inquiry should end." *Id.*

If the party meets its burden to show good cause to modify the case schedule under Rule 16, it must then demonstrate that amending the pleading is proper under Rule 15. *See id.* at 608.  Courts consider five factors in assessing whether to grant leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil*

*Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). The court need not apply all five factors in making its decision. *Id.*

First, the court concludes that Mr. Castro has not met his burden to demonstrate good cause under Rule 16 to modify the case schedule to add his mother as a defendant. Although the deadline for amending pleadings expired on February 19, 2025, Mr. Castro did not raise the possibility of amending his complaint with opposing counsel until March 13, 2025, and did not move to amend until April 25, 2025. (*See* Sched. Order at 1; Setkis Decl. ¶ 4; Mot.) Furthermore, as Talcott points out, Mr. Castro was aware by no later than October 2019 that his mother had been misappropriating his annuity payments. (Resp. at 4-5 (citing Compl. ¶¶ 2.7-2.9; 5/5/25 DeVet Decl. ¶ 2, Ex. A at Interrogatory No. 2).) Mr. Castro does not explain why he could not have added Ms. Ktistakis as a defendant before the deadline to amend expired; does not address the Rule 16 standard in his motion to amend; and did not file a reply in support of that motion. (*See generally* Mot.) Under these circumstances, the court concludes that Mr. Castro has not exercised the diligence required to justify a modification to the case schedule under Rule 16.

Even if Mr. Castro had satisfied Rule 16, the court would nevertheless deny his motion to amend because the proposed amendment would be futile under Rule 15. Mr. Castro seeks to add a claim against his mother for conversion of the annuity payments owed to him. (*See* Prop. Am. Compl. ¶¶ 4.1-4.4.) As noted above, Mr. Castro admits that he learned that his mother had been misappropriating his payments in October 2019—more than four and a half years before he filed this action in May 2024. Conversion claims under Washington law, however, are subject to a three-year statute of

limitations. *Crisman v. Crisman*, 931 P.2d 163, 165 (1997) (citing RCW 4.16.080(2)). As a result, Mr. Castro's conversion claim against Ms. Ktistakis is time-barred as a matter of law. Accordingly, the court denies Mr. Castro's motion for leave to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Castro's motion for leave to amend his complaint (Dkt. # 18).

Dated this 9th day of May, 2025.

JAMES L. ROBART
United States District Judge